UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. KOKKONEN,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:17-cv-1472-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL |

This matter is before the court on claimant's request for judicial review of an unfavorable decision of the Acting Commissioner of the Social Security Administration regarding his application for Social Security Disability Insurance Benefits. The parties have consented to entry of final judgment by a U.S. Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the U.S. Court of Appeals for the Ninth Circuit. ECF Nos. 7, 8. At a hearing on February 8, 2019, the court heard argument from the parties. Having reviewed the record, administrative transcript, briefs of the parties, and applicable law, and having considered arguments raised at the hearing, we will deny claimant's appeal.

Claimant argues that the Administrative Law Judge's ("ALJ") decision at step one of the sequential disability evaluation process was not supported by substantial evidence. Specifically, claimant contends that his 2015 tax returns, which the ALJ was unable to consider, show that his income "[fell] below the substantial gainful activity amount allotted in 2015, of $1090 a month." ECF No. 17 at 5. As discussed on the record, we review the ALJ's decision to determine whether it was (1) supported by substantial evidence and (2) free of legal error. The substantial evidence

1

standard is a permissive one: Although we require there to be more than a scintilla of evidence supporting the ALJ's decision, we do not require that a preponderance of the evidence support it. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, we will uphold the ALJ's decision. When, as here, evidence is submitted for the first time to the Appeals Council, we consider that evidence along with the remainder of record evidence, evaluating whether the ALJ's decision was supported by substantial evidence "in light of the record as a whole." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

To qualify for benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of . . . impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If a claimant has engaged in substantial gainful activity ("SGA"), he cannot qualify for benefits, no matter his medical condition. *See* 20 C.F.R. §§ 404.1520(a)(4)(i) and (b). The Commissioner defines substantial gainful activity in 2015 as income exceeding $1,090 per month. *See* Program Operations Manual System DI 10501.015, Table 2. In this case, the ALJ—without the benefit of claimant's 2015 tax returns—relied on claimant's testimony about the work he performed in 2015. The ALJ stated: "Since [claimant] testified to working at the same job for the same amount of hours in 2015 as he did in 2014, it is reasonable to find he was engaging in SGA in 2015." AR 24. Claimant now argues that this logic is undercut by claimant's 2015 tax filings, which claimant argues show $9,404 in relevant income—equivalent to $783.67 per month—as opposed to $13,714 in 2014. To arrive at this figure, which is below the SGA threshold, claimant seems to have taken the tentative profits of his wife's business,[1] $20,367, divided the profits in half—presumably assigning half the value to himself and the other half to his wife—and reduced them by 7.65%. *See* AR 312. Defendant also looks to the 2015 tax returns to determine claimant's income from that year but, unlike claimant, she concludes that the returns show claimant was engaged in SGA. There is a simple reason for the difference: The Commissioner neither divides

---

[1] Though claimant testified that the business belonged to his wife, *see* AR 58, the Commissioner views him as a self-employed person rather than an employee, *see* ECF No. 24 at 5.

2

the tentative profit between claimant and his wife nor reduces it by 7.65%.

The federal regulations governing the Social Security determination process do not definitively answer whether the figure should be divided.[2] Claimant's testimony does show that he had a significant role in the business, which cuts in favor of the Commissioner's interpretation. Specifically, claimant indicated that he serviced half or a little bit more than half of the interlock clients and also that he handled packaging of items sold on eBay—apparently by himself. *See* AR 83 (noting that the business had 80 clients and that he would handle "40-45 clients a month"), AR 89 (discussing mechanics of selling items on eBay).

Considering the record as a whole and that plaintiff has the burden of proof at step one, we find that plaintiff has failed to show that the ALJ's decision is not supported by substantial evidence. Claimant's 2015 tax return, submitted after the ALJ issued his decision, gives us little insight into the substance of the work he performed in 2015, since the tax return was filed jointly with his wife. Additionally, the tax return does not directly undercut the ALJ's finding, since, in estimating claimant's 2015 work, the ALJ appears to have focused on the *hours* of work performed by claimant, rather than on claimant's income. *See* AR 24 (ALJ relying on claimant's testimony regarding *hours* worked in 2014 and 2015). Claimant did not work for part of 2014 due to a knee injury, *see* AR 81; it was thus conservative for the ALJ to estimate that claimant's work in 2015, when he was not injured, was the same in volume as claimant's work in 2014, when he was injured. Claimant's 2015 tax returns are not enough to show that the ALJ's assumption was inaccurate. Ultimately, the testimony from claimant's hearings before the ALJ provided the ALJ with substantial evidence supporting his decision that claimant engaged in substantial gainful activity in 2015. The introduction into the record of claimant's 2015 tax return does not significantly undermine this support.

In sum, having reviewed the record, administrative transcript, briefs of the parties, and

---

[2] The regulations do, however, indicate that the figure should not be reduced by 7.65%. *See* 20 C.F.R. § 404.1575(c)(1) (defining "countable income" for self-employed persons as follows: "We deduct your normal business expenses from your gross income to determine net income. Once we determine your net income, we deduct the reasonable value of any significant amount of unpaid help furnished by your spouse, children, or others.").

3

applicable law, we find that the ALJ's decision is supported by substantial evidence in the record and is based on proper legal standards. For the foregoing reasons, claimant's request for remand is denied.

**Order**

Accordingly, we deny claimant's appeal from the administrative decision of the Commissioner of Social Security. The clerk of court is directed to enter judgment in favor of defendant Nancy Berryhill, the Acting Commissioner of Social Security, and against claimant Michael A. Kokkonen. The clerk of the court is directed to close this case.

IT IS SO ORDERED.

Dated:    March 18, 2019                                    _____
                                                            UNITED STATES MAGISTRATE JUDGE

No. 200.